UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELVIN BELL, III, <br><br>                          Plaintiff, <br><br>         -against- <br><br> CITY OF NEW YORK; SUSAN JACKSON; SHATARA PELL; VICTOR M. HERNANDEZ, <br><br>                      Defendants. | 20-CV-9664 (LLS) <br><br> ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff Melvin Bell, III, appearing *pro se*, brings this action under the Fair Housing Act and 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights. By order dated November 20, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Melvin Bell, III filed this complaint under 42 U.S.C. § 1983, the Fair Housing Act, 42 U.S.C. § 3604 *et seq.*, and various state and local laws. Named as defendants are the City of New York; Susan Jackson, HIV/AIDS Services Administration (HASA) caseworker at the Waverly Human Resources Administration Center; Shatara Pell, Deputy Director Marketing and Affordability Oversight Program (MAOP) in the New York City Department of Housing Preservation and Development (HPD); and Victor Hernandez, Director of the MAOP. The complaint sets forth the following facts.

Plaintiff is a HASA client, and his current caseworker is Susan Jackson. According to Plaintiff, Jackson has denied him "all assistance finding permanent housing." (*Id.* ¶ 6.) Among other things, she failed to inform him of his eligibility for "an enhanced rental subsidy benefit"; did not correct Plaintiff's contact information on the ACCESS HRA online system; failed to provide receipts or other documentation for rental subsidy payment denials; and did not inform Plaintiff of his right to file an Article 78 proceeding. (*Id.* ¶ 9.) Jackson assigned Plaintiff to an emergency housing placement in the Bronx which lacked a certificate of occupancy and was not up to code. There were also cameras installed in Plaintiff's "personal space." Plaintiff complained about Jackson to her supervisor and said that he would "never again grant [Jackson] permission to handle any of his housing affairs." (*Id.* ¶ 15.)

Plaintiff and his spouse applied for an affordable apartment in a development called Hudson 36. Jackson provided Plaintiff with the necessary documents, and Plaintiff signed a "pre-lease agreement" that required him to "surrender his current and any other housing interests." Plaintiff signed a two-year lease, but Jackson "refused to accept the documents and submit the lease for the Plaintiff's rental subsidy benefit. In this action, [Jackson] violated the Fair Housing Act []." (*Id.* ¶ 17.) Jackson told Plaintiff that his spouse could not live in the apartment because of an unspecified event occurring at Foster House. During that incident, Plaintiff was arrested, but the arrest was dismissed, and Plaintiff "was due a settlement payment due to the wrongful actions of the police." Jackson told Plaintiff that if he wanted the Hudson 36 apartment, he needed to remove his spouse's name from the lease. Plaintiff contacted the landlord's agent, Arine Gebian, and asked if the lease could be changed. Gebian said she did not know. Plaintiff redacted the lease on his own and put it in a sealed manila envelope.

Plaintiff complained about Jackson to an HPD assistant deputy commissioner who "arranged a supervised appointment for the submission of the lease documents to the caseworker later that day." (*Id.* ¶ 21.) Plaintiff called Victor Hernandez at HPD who "assured" Plaintiff that his "file at HPD as well as his lottery apartment were both in good standing." But Plaintiff's rental subsidy benefit was denied on October 22, 2019. Plaintiff never received a copy of the decision.

> Plaintiff submitted the lease documents to Jackson in the exact condition of receipt, yet Jackson demanded the Plaintiff hand over all documents, implying something was missing. Jackson grabbed the sealed manila envelope from the desk. This demand exposed the unauthorized communication between Jackson and Gebian. Jackson was in contact "with persons outside of the HASA program about the Plaintiff and his apartment.

(*Id.* ¶ 53.)

Gebian "did not inform HRA or HPD that she knew the Plaintiff's caseworker demanded the lease change, that the Plaintiff was waiting to hear back from her about possibly changing the lease or that the documents he redacted were incomplete photocopies she would later claim were not fully executed." (*Id.* ¶ 27.) In an attempt to "save the apartment," Plaintiff took out an advance from his settlement to pay the rent and security deposit and sent an "award letter and payments" to Gebian.

Shatara Pell at HPD told Plaintiff that "HRA reached out to the landlord about the validity of the documents. The landlord claimed the documents were fraudulent and created by the Plaintiff." HPD "wrongfully endorsed" the landlord's accusations. Pell "admitted" that she "prevented" him from obtaining the apartment "by using his handicap to preclude his access to the status and changes in status of his awarded apartment." According to Plaintiff, "[i]n these actions," Pell and HPD violated the FHA. (*Id.* ¶ 31.) Plaintiff and his spouse conducted a "discrimination test," by reapplying for the Hudson 36 apartment. They spoke with a different

case worker who was much more professional and helpful, and treated them with more respect than Jackson.

Plaintiff further alleges that Defendants retaliated against him for complaining about these matters by filing "frivolous liens" against him for "Medicaid expenses," and repeatedly closing his public assistance and food stamps accounts. Finally, Plaintiff asserts that his former caseworker, Jill Peters, who is not named as a defendant, violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA) by disclosing Plaintiff's HIV status to Plaintiff's mother without his permission. (ECF 2 ¶ 5.)

Plaintiff seeks money damages.

## DISCUSSION

### A.    Disability Discrimination

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The Fair Housing Act (FHA) "broadly prohibits discrimination in housing . . . ." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C.§ 3604(b), (f). To plead a claim of disability discrimination in violation of the FHA, a plaintiff must "allege facts that support a plausible claim that the plaintiff was 'a member of a protected class,' suffered relevant 'adverse' treatment, and 'can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation.'" *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir.

2018) (holding that "to make out a case of discrimination of this sort, a plaintiff may not need to prove that [his] protected status was a but-for cause of the adverse action [he] suffered, but only a motivating factor").

The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See* 42 U.S.C. § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

Even based on a liberal reading of Plaintiff's allegations, the Court is unable to conclude that this action can proceed under either § 1983 or the FHA. Plaintiff identifies himself as disabled and contends that Defendants discriminated against him because of his disability. Plaintiff does not, however, set forth facts showing any connection between how Defendants treated him or handled his housing application and his disability. Instead of alleging facts showing that Defendants discriminated against him on the basis of his disability, Plaintiff relies exclusively on legal conclusions and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which are insufficient to state a claim under Rule 8 of the Federal Rules of Civil Procedure.

The Court grants Plaintiff leave to file an amended complaint in which he clearly alleges facts giving rise to an inference that he was the victim of disability discrimination.

## B.    Procedural Due Process

The complaint could be construed as asserting a due process claim. To state a § 1983 due process claim, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law." *Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998); *see Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir.

2011). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Generally, due process requires some kind of hearing prior to a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). "[W]here a plaintiff alleges a deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg*, 397 U.S.at 262 & n.8); *see also M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 432 (S.D.N.Y. 2006) ("Persons who are qualified to receive welfare benefits have a legitimate claim of entitlement to such benefits."). In the context of public assistance benefits, due process typically requires predeprivation notice and an opportunity to be heard. *Goldberg*, 397 U.S. at 260-61; *Hart v. Westchester Cnty. Dep't of Soc. Servs.*, No. 98-CV-8034 (KNF), 2003 WL 22595396, at *4 (S.D.N.Y. 2003). However, where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate postdeprivation remedy); *Rivera–Powell v.*

*New York City Bd. of Elections,* 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy.").

New York State law provides such a postdeprivation remedy. Under New York law, access to postdeprivation process such as a fair hearing pursuant to N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, and the availability of further review in the state courts in an Article 78 proceeding have been found to be constitutionally adequate procedures to challenge adverse determinations in connection with government entitlement programs. *See Banks v. HRA*, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Although Plaintiff asserts that his benefits have been terminated, reduced, or delayed, he does not allege any facts suggesting that he was denied a meaningful opportunity to be heard after the benefits were terminated. As Plaintiff had an opportunity to participate in fair hearings, and could file an Article 78 proceeding in state court regarding the termination of his benefits, *see* N.Y.C.P.L.R. § 7801 *et seq.*, he fails to state a claim for denial of due process.

The Court grants Plaintiff leave to submit an amended complaint containing facts showing that his due process rights were violated.

**C.    HIPAA**

The Health Insurance Portability and Accountability Act of 1996 generally provides for the confidentiality of individually identifiable health information, *see* 42 U.S.C. §§ 1320d-1 to d-7, and it authorizes the Secretary of Health and Human Services to make final regulations and bring enforcement actions. *See* 42 U.S.C. § 300gg-22. HIPAA permits health care providers and other covered entities to disclose protected health information without patient consent in certain situations, such as in response to a court order. *See, e.g.*, 45 C.F.R. § 164.512(e)(1)(i), (ii).

HIPAA does not expressly create a private cause of action for individuals. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services. *Id.* § 1320d-5(a)(1). *See Meadows v. United Servs.*, 963 F.3d 240, 244 (2d Cir. 2020).

Nor does the statute *imply* a private cause of action. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855-56 (2017). By delegating enforcement authority to the Secretary of the Department of Health and Human Services, the statute clearly reflects that Congress did not intend for HIPAA to create a private remedy. *See* 42 U.S.C. § 1320d-3, § 1320d-5; *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001) ("The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.").

Accordingly, because HIPAA confers no private cause of action, express or implied, Plaintiff's claim that that a former HASA caseworker disclosed his HIV status does not state a claim under HIPAA.

### D. Municipal Liability

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town*

*of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).

Plaintiff fails to allege any facts that suggest that a policy, custom, or practice of the City of New York caused a violation of Plaintiff's federal constitutional rights. If Plaintiff seeks to sue the City of New York, he should provide facts suggesting a municipal liability claim.

**E.     Supplemental Jurisdiction**

Plaintiff alleges that Defendants violated various state and local laws and regulations. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." Because it is not clear at this stage whether Plaintiff can state any federal claims, the Court will determine at a later time whether to exercise supplemental jurisdiction over any state-law claims Plaintiff seeks to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claim).

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

    a)  give the names and titles of all relevant persons;

    b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d)  give the location where each relevant event occurred;

10

    e)   describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f)   state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-9664 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    January 7, 2021
           New York, New York

                                           _Louis L. Stanton_
                                              Louis L. Stanton
                                               U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

## AMENDED

## COMPLAINT

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)


or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial       Last Name

_____

Street Address

_____

County, City                     State           Zip Code

_____

Telephone Number              Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                            State                     Zip Code

Defendant 2:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                            State                     Zip Code

Defendant 3:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                            State                     Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.